FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

2011 FEB 23 AM 11: 54

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

Orlando Division

CIVIL RIGHTS COMPLAINT FORM

Tommy Lee Cullar, Pro SE

CASE NUMBER: 6:11 CV 277-ORL-18 GJK
(To be supplied by Clerk's Office)

(Enter full name of each Plaintiff and prison number, if applicable)

v.

Osceola County Board of Commissioners
Marc Pierre - Luis
Chief, Sherry Johnson
Dr. Joel Weinberger

(Enter full name of each Defendant. If additional space is required, use the blank area directly to the right).

ANSWER ALL OF THE FOLLOWING QUESTIONS:

I. PLACE OF PRESENT CONFINEMENT: Osceola County Corrections Facility, 402 Simpson Rd, Kissimmee Florida 34744
(Indicate the name and location)

II. DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS? Yes ( ) No (✓)

[If your answer is YES, after reviewing the exhaustion requirements, answer the following questions]

EXHAUSTION OF ADMINISTRATIVE REMEDIES: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:

General Grievance

1. Informal Grievance (Form DC3-005)
2. Formal Grievance (Form DC1-303)
3. Appeal to the Office of Secretary (Form DC1-303)

Other Grievance

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

Questions:

A. Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22 (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes ( ) No (✓)

2. If so, you must attach a copy of the grievance and response to this Complaint form.

3. Were you denied emergency status? Yes ( ) No (✓)

   a. If so, did you go through the informal grievance, formal grievance and appeal process? Yes ( ) No (✓)

   b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B. Informal Grievance (Request for Interview)

1. Did you submit an informal grievance (Form DC3-005)? Yes ( ) No (✓)

2. If so, you must attach a copy of the grievance and response to this Complaint form.

C. <u>Formal Grievance</u> (Request for Administrative Remedy or Appeal)

1. Did you have a disciplinary hearing concerning this matter? Yes ( ) No (✓)

2. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

3. Did you submit a formal grievance (Form DC1-303)? Yes ( ) No (✓)

4. If so, you must attach a copy of the grievance and response to this Complaint form.

D. <u>Appeal to the Office of the Secretary</u> (Request for Administrative Remedy or Appeal)

1. Did you submit an appeal to the Office of the Secretary (Form DC1-303)? Yes ( ) No (✓)

2. If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this 15 day of January, 2011.

[signature]
Signature of Plaintiff

III. <u>DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY</u>? Yes (✓) No ( )

If your answer is YES, answer the following questions.

A. Is there a grievance procedure at your institution or jail? Yes (✓) No ( )

B. Did you present the facts relating to your Complaint in the grievance procedure? Yes (✓) No ( )

C. If your answer is YES:

1. What steps did you take? Submitted grievance and notified chief regarding violations

2. What were the results? NON-effective, The problems weren't resolved.

3. To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D. If your answer is NO, explain why not: not applicable

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this 15 day of January, 2 011.

[signature]
Signature of Plaintiff

IV. PREVIOUS LAWSUITS:

A. Have you initiated other lawsuits in state court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No ( ✓ )

B. Have you initiated other lawsuits in federal court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No ( ✓ )

C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1. Parties to previous lawsuit:

Plaintiff(s): not Applicable

Defendant(s): not Applicable

2. Court (if federal court, name the district; if state court, name the county):

not Applicable

3. Docket Number: not Applicable

4. Name of judge: not Applicable

5. Briefly describe the facts and basis of the lawsuit: not applicable

6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?):

not applicable

7. Approximate filing date: not Applicable

8. Approximate disposition date: not Applicable

D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

________________________________________

________________________________________

________________________________________

________________________________________

V. PARTIES: In part A of this section, indicate your full name in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A. Name of Plaintiff: Tommy Lee Cullar #670724 DA-2

Mailing address: Osceola County Corrections Dept.,
P.O. Box 451450, Kissimmee Fl 34745

B. Additional Plaintiffs: not applicable

In part C of this section, indicate the full name of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C. Defendant: Osceola County Board of County Commissioners

Mailing Address: 1 Courthouse Square Suite 4700
Kissimmee Florida 34741

Position: County Commissioners

Employed at: Osceola County Gov't

D. Defendant: Chief Sherry Johnson

Mailing Address: 402 Simpson Rd
Kissimmee Florida 34744

Position: Chief

Employed at: Osceola County Corrections Dept.

E. Defendant: Marc Pierre-Luis

Mailing Address: 402 Simpson Rd
Kissimmee Florida 34744

Position: medical supervisor / Director

Employed at: Osceola County Corrections Dept

F. Defendant: Dr. Joel Weinberger

Mailing Address: 720 Oak Commons Blvd
Kissimmee Florida 34741

Position:

Employed at:

G. Defendant:

Mailing Address:

Position:

Employed at:

VI. STATEMENT OF CLAIM: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

Denied proper medical care and treatment. Subjected to cruel and unusual treatment while detained in medical unit 12-17-10 thru 12-20-10. Put at risk when the medical department failed to act promptly regarding possible exposure to Tuberculosis infected cellmate. Medical departments failure to administer/prescribe life saving medication.

VII. STATEMENT OF FACTS: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (*i.e.*, physical injury or how you were harmed by the acts of the defendant(s)).

1). Board of County Commissioners (Osceola), Chief Sherry Johnson, Health Service Administrator Marc Pierre-Luis, nurse practitioner ______, Dr. Joel Weinberger
2) December 17-20 2011, January 1, 2011, January 14 2011
3) Osceola County Corrections Department (Jail) medical unit cell 131 DA2
4) 12-17-2010 Nurse practitioner ______, issued order for me to be isolated in a 10X11 room with no windows, sleeping on a mattress on the floor (boat), the room was located inside of a stationary closet. Nurse practitioner

**Statement of Facts, continued:**

claimed it was for medical observation and to make sure I didn't get sick around other inmates. However, December 18th and 19th 2010 No vital signs were checked. I recieved a X-ray on December 18th that cleared me of any lung problems. I was not released until the 20th December 2010. December 18th 2010 evening I experienced severe chest pain, asked for assistance by yelling through the door but no one came. I also asked for medical Supervisor and got no response. No shower nor clean clothes was administered until December 20th 2010 approximately 2pm. * On January 13, 2011 cellmate Richard Buscauper showed me the huge red lump on his forearm at the location of the Tuberculosis test injection site. The Night medication nurse was showned the lump and said (nurse) that he would report it and the medical unit would call Richard Buscauper into the medical unit the next day (14th Friday. However, he was called in three days later. He was allowed to stay in a over-crowded cell with myself and Craig Leblanc. My immune system is abnormal because of my medical condition and airbourne infections such as Tuberculosis could prove to be deadly for me. During my incarceration I've attempted to have the correct blood pressure medication prescribed to me with no avail.

9A (cont'd)

Metaprolol XR 50 mg is the medication that has been proven to be effective in managing my blood pressure over the last three years. The regular/generic Metaprolol doesn't work. Although several request was submitted for the correct Prescription, Osceola County Corrections Department Medical director and chief has been non-responsive. A continued Pattern of high blood pressure on a daily basis results in Kidney failure, strokes and heart attacks/damage to heart and arteries. The 4th week of December 2010 blood was drawn by Osceola County Medical Unit (corrections Dept.) to date no-contact has been made with me regarding the results or the level of T-cells/CD4 count and other vital information. There are urgent issues that need to be address regarding implementation of medication for life threatening illness that exist with me. Osceola County Corrections Department Medical unit has ignored (been negligent) the urgent nature of my condition.

9A (cont'd)

96 (cont'd)

Because of the highly sensitive nature and confidential nature of negative effects caused by prolonged negligence of the Osceola County Corrections Department Medical Unit and staff, some of the injurys not listed below will be forwarded directly to the clerks office to be closed filed. However new problems in new areas of my body has recently occurred/surfaced.

1) Lumps/cist tissue mass 2) extreme dizziness frequently during the week. 3) Severe migraine headaches 4) a new Pattern of irregular heart beats, heart palpitations, constant chess pain. 5) discomfort during urination 6) frequent shortness of breathe 7) deminished eyesight and hearing 8) Tremendous feeling of Mis-trust regarding the low-compotency level in which osceola county corrections Department medical unit operates.

9 c (cont'd)

It has been harmful to me in that I've avoided seeking badly need medical assistance because of the negative treatment given in the Osceola County Corrections Dept. Medical unit. The fight for basic and hummane treatment and care has been exhausting. The physical and emotional (psycological) damage for exceed what I've been able to assess and evaluate, From December 17, 2010 thru December 20, 2010 I slept on a mattress (thin cloth material covered in vinyl) that intensified my back pain to a new level. The mattress is placed on a hard plastic slab 10-12 inches thick, the mattress sinks in. Because of a previous accident a MRI document damage to my back a herniated disk and other damage. The status regarding my back was given during initial interveiw at the time of being booked into Osceola County Corrections (Jail) December 9, 2010. I also made the status known to the supervisor/ Sergeant while I was locked down in isolation 12/19/10 with no success.

VIII. <u>RELIEF REQUESTED</u>: State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

1) I'm requesting court intervention regarding my medical treatment. 2) Change of policy and procedure in the handling of inmates medical issues. 3) apply fines, staff change and court supervision until medical unit becomes competent and functional. 4) force Osceola County Corrections Dept. to implement a fair grievance system. 5) Award me (plaintiff) maximum monetary damages allowed by law.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this 12th day of Febuary, 2011.

[signature]

(Signatures of all Plaintiffs)