FILED
2011 APR -4 PM 12:33
US DISTRICT COURT
MIDDLE DISTRICT OF FL
ORLANDO FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

** Amended **

CIVIL RIGHTS COMPLAINT FORM

Tommy LEE CULLAR, PRO SE

(Enter full name of each Plaintiff and prison number, if applicable)

CASE NUMBER: 6-11-CV-277-ORL-18GJK
(To be supplied by Clerk's Office)

v.

ROSELINE CAROLINE CLERGE
MARC PIERRE-LUIS
OSCEOLA COUNTY BOARD OF COUNTY COMMISSIONERS
DR. JOEL WEINBERGER

(Enter full name of each Defendant. If additional space is required, use the blank area directly to the right).

ANSWER ALL OF THE FOLLOWING QUESTIONS:

I. PLACE OF PRESENT CONFINEMENT: OSCEOLA COUNTY CORRECTIONS FACILITY, 402 SIMPSON Rd. Kissimmee Florida 34744
(Indicate the name and location)

II. DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS? Yes ( ) No (✓)

[If your answer is YES, after reviewing the exhaustion requirements, answer the following questions]

EXHAUSTION OF ADMINISTRATIVE REMEDIES: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:

General Grievance

1. Informal Grievance (Form DC3-005)
2. Formal Grievance (Form DC1-303)
3. Appeal to the Office of Secretary (Form DC1-303)

Other Grievance

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

Questions:

A. Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22 (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes ( ) No (✓)

2. If so, you must attach a copy of the grievance and response to this Complaint form.

3. Were you denied emergency status? Yes ( ) No (✓)

   a. If so, did you go through the informal grievance, formal grievance and appeal process? Yes ( ) No (✓)

   b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B. Informal Grievance (Request for Interview)

1. Did you submit an informal grievance (Form DC3-005)? Yes ( ) No (✓)

2. If so, you must attach a copy of the grievance and response to this Complaint form.

C. Formal Grievance (Request for Administrative Remedy or Appeal)

1. Did you have a disciplinary hearing concerning this matter? Yes ( ) No (✓)

2. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

3. Did you submit a formal grievance (Form DC1-303)? Yes ( ) No (✓)

4. If so, you must attach a copy of the grievance and response to this Complaint form.

D. Appeal to the Office of the Secretary (Request for Administrative Remedy or Appeal)

1. Did you submit an appeal to the Office of the Secretary (Form DC1-303)?
Yes ( ) No (✓)

2. If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this 27 day of MARCh, 2 011.

[signature]
Signature of Plaintiff

III. <u>DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY</u>? Yes (✓) No ( )

If your answer is YES, answer the following questions.

A. Is there a grievance procedure at your institution or jail? Yes (✓) No ( )

B. Did you present the facts relating to your Complaint in the grievance procedure? Yes (✓) No ( )

C. If your answer is YES:

1. What steps did you take? Submitted grievance and notified chief and medical administrator regarding Violations

2. What were the results? NON-effective

3. To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D. If your answer is NO, explain why not: Not - Applicable

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this 27 day of MARCH, 2011.

[signature]
Signature of Plaintiff

IV. PREVIOUS LAWSUITS:

A. Have you initiated other lawsuits in state court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (✓)

B. Have you initiated other lawsuits in federal court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (✓)

C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1. Parties to previous lawsuit:

Plaintiff(s): Not Applicable

Defendant(s): Not Applicable

2. Court (if federal court, name the district; if state court, name the county):

Not Applicable

3. Docket Number: Not Applicable

4. Name of judge: Not Applicable

5. Briefly describe the facts and basis of the lawsuit:

6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?):

Not Applicable

7. Approximate filing date: Not Applicable

8. Approximate disposition date: Not Applicable

D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

V. PARTIES: In part A of this section, indicate your full name in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A. Name of Plaintiff: Tommy LEE CULLAR # 670724

Mailing address: Osceola County Corrections Facility
P.O. Box 451450, Kissimmee Florida 34745

B. Additional Plaintiffs: Not - Applicable

In part C of this section, indicate the full name of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C. Defendant: Roseline Caroline CLERGE

Mailing Address: OSCEOLA COUNTY CORRECTIONS DEPARTMENT
402 Simpson Road, Kissimmee Florida 34744

Position: ARNP

Employed at: Osceola County Corrections Department

D. Defendant: MARC PIERRE -LUIS

Mailing Address: OSCEOLA County Corrections Dept
402 Simpson Rd, Kissimmee Florida 34744

Position: Health Service Administrator

Employed at: Osceola County Corrections Department

E. Defendant: DR. JOEL WEINBERGER

Mailing Address: 720 OAK Commons Blvd
KissimmEE Florida 34741

Position: Medical Director

Employed at: Osceola County Corrections DEPARtment

F. Defendant: ______

Mailing Address: ______
______

Position: ______

Employed at: ______

G. Defendant: ______

Mailing Address: ______
______

Position: ______

Employed at: ______

VI. **STATEMENT OF CLAIM**: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

This complaint is brought under the Eighth Amendment of the UNITED STATES CONSTITUTION which states "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Plaintiff allege that defendants named in this complaint violated plaintiff's Constitutional right

cont'd see page 8a

VII. **STATEMENT OF FACTS**: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (*i.e.*, physical injury or how you were harmed by the acts of the defendant(s)).

ROSELINE CAROLINE CLERGE (defendant) on December 17, 2010 issued order to place plaintiff/inmate Tommy LEE Cullar #670724 into isolation (10 x 11 feet room with NO windows) Although ROSELINE CAROLINE CLERGE (defendant) claimed placing plaintiff into isolation was for medical observation; No vital signs were checked from December 18, 2010 through December 20 2010. Three hours prior to plaintiff being placed in isolation in the Osceola County Corrections Facility Medical unit while passing out medication to

VI. (cont'd)

When (1) plaintiff was subjected to cruel and unusual treatment while isolated in the Osceola County corrections Department medical unit December 17, 2010 through December 20, 2011. (2) plaintiff was put at risk when Osceola County Corrections Department failed to act promptly regarding possible exposure to Tuberculosis infected cellmate January 13, 2011 through January 17, 2011.

**Statement of Facts, continued:**

pod FH-2 defendant ROSELINE CAROLINE CLERGE became agitated when plaintiff asked about the medication. While plaintiff was in isolation on December 18, 2010 I (plaintiff) had severe chest pains and called for assistance and was ignored throughout the following 2-days.

On January 13, 2011 Cellmate Richard Buscauper showed me the huge red lump on his forearm at the location of the Tuberculosis test injection site. Richard Buscauper and I showed the night nurse Gene the lump and was told by the nurse that he would report it and that the medical unit would call Richard Buscauper into the medical unit the next day December 14 2010. However, he wasn't called to the medical unit until three days later. He was allowed to stay in a over-crowded cell with myself and the other cellmate Craig Leblanc. Plaintiff immune system is abnormal because of his current medical status and airborne infections such as Tuberculosis has proven to be deadly in others with comparable medical status.

VII

Defendants, MARC PIERRE-Louis (Health SERVICE ADMINistrator) DR. JOEL WEINBERGER (Medical Director) and the Osceola COUNTY BOARD OF COUNTY COMMISSIONERS all have been previously AWARE of similar problems and violations that Exist with the Osceola COUNTY CORRECTIONS facility Medical unit staff regarding the lack of compotent care for plaintiff and others inmates. The three defendants aforementioned all occupy policy and procedure making posistions. The defendants have failed to monitor and maintain in a compotent fashion the treatment and lack of treatment plaintiff was entitled to recieve.

The injurys plaintiff sustained are documented by EKG taken febuary 2011 at the Osceola COUNTY CORRECTIONS Facility medical unit, Including heart valve damage, not recieving treatment for serious urinary track infection for a prolong time which results in permanant scarring in the urinary track.

VII

Plaintiff has'nt recieved proper medical care since December 9, 2010 date of incarceration. After plaintiff began filing grievances, retalitory behavior by D.C.C.D medical staff Kept plaintiff from having the basic medical care. Too date serious medical needs have been unattended too, because of deliberate indifference to plaintiff medical needs. After plaintiff was forced to live in close quarters with inmate Richard Buscauper in cell #131 DA-2 January 13, 2011 through January 17, 2011 plaintiff has had an extreme increase of problems with plaintiff lungs. The implication and long term effect of defendants violations against plaintiff is still foregoing.

VIII. **RELIEF REQUESTED**: State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

(1) Plaintiff is requesting immediate court intervention regarding my medical treatment. (2) Apply fines and court supervision until medical unit becomes competent and functional. (3) Force Osceola County Corrections Department to implement a fair grievance system. (4) Award me (plaintiff) maximum monetary damages allowed by law.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this 27 day of MARCH, 2011.

[signature]

(Signatures of all Plaintiffs)